IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| HAPTIC, INC., | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | 1:23-CV-1351-DII |
| APPLE, INC., | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Apple, Inc.'s ("Apple") Motion to Transfer Venue to the Northern District of California. (Dkt. 24). Plaintiff Haptic, Inc. ("Haptic") filed a response, (Dkt. 31), and Apple filed a reply, (Dkt. 34). Having considered the parties' briefs, the record, and the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

Haptic filed its complaint on November 6, 2023, in the Austin Division of the Western District of Texas ("WDTX"). (Compl., Dkt. 1). Haptic alleges that Apple's Back Tap feature, and several iPhone models that utilize Back Tap, infringe U.S. Patent No. 9,996,738 (the "'738 Patent"). (*Id.* at 12). Haptic brings three claims under 35 U.S.C. § 271 against Apple: (1) direct infringement; (2) contributory infringement; and (3) willful infringement. (*Id.* at 12–14). Apple filed a motion to dismiss on January 16, 2024. (Mot. Dismiss, Dkt. 13). About two weeks later, Apple filed an opposed motion to transfer, arguing that this Court should transfer the case to the Northern District of California ("NDCA"). (Mot. Transfer, Dkt. 24). Haptic is opposed to the transfer. (Resp., Dkt. 31).

Haptic is a technology company that has been headquartered in Austin, Texas since 2017. (*Id.* at 5). Haptic designs and sells a product called the Knocki and owns the '738 Patent. (*Id.*).

Knocki is a product that "enables users to select from pre-set tap patterns so that they can tap on ordinarily non-touch surfaces to control a variety of actions on phones and other terminal devices." (*Id.* at 9). Haptic alleges the following facts about its history with Apple. In December 2016, Haptic and Apple held an in-person meeting (the "2016 meeting") in Houston, Texas to discuss "incorporating Haptic's technology into the Apple store and iPhone." (*Id.* at 9). Haptic's CEO and the lead inventor of the '738 Patent, Jake Boshernitzan, and the co-inventor of the '738 Patent, Ohad Nezer, attended the 2016 meeting on behalf of Haptic. (*Id.*). Apple sent five employees who were based in Austin or Houston.[1] (*Id.*). After the 2016 meeting, Apple and Haptic continued to communicate via email from 2016 to 2017. (*Id.*). Haptic alleges that it shared "the idea of using a tap interface to replace Siri commands to control [Apple] HomeKit devices, as Apple later implemented in Back Tap." (*Id.* at 4). Haptic also alleges that it sent Apple a pre-release version of Knocki. (*Id.*).

Apple disagrees with Haptic's allegation that discussions of incorporating Knocki technology into iPhones occurred at the 2016 meeting. (Mot. Transfer, Dkt. 21, at 9). Apple alleges that the purpose of this meeting was to "discuss how [Apple] could sell its computers and services" to Haptic. (*Id.*). While Haptic raised the idea of selling Knocki in Apple Stores at the meeting, the Apple employees in attendance were not authorized to meaningfully discuss selling third-party products in Apple Stores. (*Id.*). Apple further points out that the '738 Patent had not been issued at the time of this meeting and alleges that no specific patents or patent applications were discussed. (*Id.*). Apple agrees that Haptic and Apple stayed in touch via email after the 2016 meeting, and Haptic had discussions with Michael Kokkinen and Mark Kirtland, then-members of Apple's Retail Product Merchandising Team, based in Cupertino, California, about selling Knocki in Apple Stores.

---

[1] Apple contends that all of the Apple employees in attendance were based in Houston, not Austin. (Reply, Dkt. 34, at 3).

(*Id.* at 11). However, Apple denies that Haptic ever sent it a pre-release or any other version of Knocki. (*Id.* at 13).

Relevant to the instant motion, many of Haptic's arguments that there are relevant witnesses in or near WDTX stem from the alleged significance of the 2016 meeting.[2] Apple maintains that the 2016 meeting is completely irrelevant to the alleged infringement, and further contends that even if the 2016 meeting is significant, the research, development, and implementation of the allegedly infringing Back Tap feature still took place largely in NDCA and not in WDTX.

## II. LEGAL STANDARD

Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As such, "[t]he threshold question in applying the provisions of § 1404(a) is whether the suit could have been brought in the proposed transferee district." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). If so, the Court turns to consideration of "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847, at 370 (1986)).

The relevant factors include matters of both private and public interest. *Volkswagen AG,* 371 F.3d at 203; *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private-interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive.

---

[2] The Court notes that the 2016 meeting took place in Houston, Texas, which is in the Southern District of Texas not WDTX. It, however, recognizes Haptic's contention that Apple sent Texas employees to the meeting and that Houston is significantly closer to Austin than to NDCA.

3

*Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict-of-law problems involving the application of foreign law. *Id.* No single factor is dispositive. *Id.*

The Court must also "give some weight to the plaintiffs' choice of forum." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 n.6 (2013). However, the plaintiff's venue choice "is neither conclusive nor determinative. *In Re Horseshoe Entertainment*, 337 F. 3d 429, 434 (5th Cir. 2003). Rather, the party seeking transfer must show "good cause": a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Thus, when the transferee venue is "not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). But when the movant demonstrates that the transferee venue is clearly more convenient, "it has shown good cause and the district court should therefore grant the transfer." *Id.*

### III. DISCUSSION

#### A. Whether the Case Could Have Been Brought in NDCA

"The preliminary question under 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen II*, 545 F.3d at 312. In other words, a movant must show that venue and jurisdiction would have been proper in the transferee forum when the plaintiff filed suit. *XR Commc'ns, LLC v. Google LLC*, No. 6:21-CV-00625-ADA, 2022 WL 3702271, at *2 (W.D. Tex. Aug. 26, 2022). In its response to Apple's motion to transfer, Haptic does not dispute that jurisdiction would have been proper in NDCA. Apple is subject to jurisdiction in California for the

purposes of this suit, (Mot. Transfer, Dkt. 24, at 14), and for the reasons discussed below, venue is appropriate in the district. Therefore, the preliminary question is satisfied.

### B. Private Interest Factors

The private-interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203. The Court will address each in turn.

#### 1. Relative Ease of Access to Proof

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *WAG Acquisition, L.L.C. v. Google LLC*, No. W-21-CV-00816-ADA, 2022 WL 9569437, at *3 (W.D. Tex. Oct. 5, 2022). A court will also "look to the location where the allegedly infringing products were researched, designed, developed, and tested." *XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017) (citing *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010). In "patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *In re Nintendo*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). "Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citing *In re Genentech*, 566 F.3d at 1345).

Apple argues that this factor favors transfer. Apple alleges that "NDCA is the primary location where Apple engineers developed the accused Back Tap feature, as well as the accused products more generally." (Mot. Transfer, Dkt. 24, at 19). In support of its argument, Apple provides declarations from Apple employees that state that the engineers who worked on the Back Tap feature are based in California, Washington, and Canada, and that the electronic documents and

source code related to the Back Tap feature are restricted and accessible on a need-to-know basis by those same engineers. (Maudgalya Decl., Dkt. 24-8, ¶¶ 3, 4). The declarations also provide that the IP Transactions and IP Special Deals and Analytics teams are primarily located in the San Francisco Bay Area and that there are no Apple employees in Texas with access rights to electronic records in shared locations related to Apple's work on third-party patent transactions and patent licenses. (Harlow Decl., Dkt. 24-5, ¶¶ 4, 5). Further, the Apple employees who have access to financial reports about the sales and profitability of iPhones work in California, and the financial data is stored on local computers in NDCA or in data centers in North Carolina and Arizona. (Spevak Decl., Dkt. 24-3, ¶ 3). Apple further contends that Haptic's "alleged ties to [the Western District of Texas] are . . . insufficient to overcome the fact that the 'bulk of the relevant evidence' is in NDCA." (*Id.* at 20 (citing *In re Genentech*, 566 F.3d at 1345)).

In its response, Haptic argues that the access to proof factor is neutral because "Haptic's relevant sources of proof are only in Austin, while Apple's relevant sources of proof are in both California and Texas." (Resp., Dkt. 31, at 15–16). Haptic states that its office, operations, development, and key personnel are all located in Austin and that this evidence is "central to many aspects of this case, including infringement, damages, the patent's priority date, and non-obviousness." (*Id.* at 16). The Court finds this argument to be unavailing. Even though Haptic's business is based in WDTX, the "bulk of the relevant evidence" in patent infringement cases "usually comes from the accused infringer." *See In re Nintendo*, 589 F.3d at 1199. Here, Apple, as the accused infringer, has clearly shown through its employee declarations that the bulk of its relevant evidence is in NDCA, not WDTX. Therefore, the Court will not find that the ease of access to Haptic's sources of proof in WDTX renders this factor neutral.

Haptic additionally argues that Apple has not shown that gaining access to its electronic sources of proof in WDTX would be anything more than a minor inconvenience. (Resp., Dkt. 31, at

6

16). The Court disagrees with Haptic. The fact that evidence is electronic does not mean that access is uniform in each district. *See WAG Acquisition, L.L.C.*, 2022 WL 9569437, at *4 (citing *In re Apple Inc.*, 2022 WL 1196768, at * 4 (Fed. Cir. Apr. 22, 2022)); *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021) ("[E]lectronic storage of documents . . . does not make the sources-of-proof factor irrelevant"). Apple correctly contends that access would be more readily available in NDCA because most of the custodians of the relevant records are located there. (Reply, Dkt. 34, at 7). As this Court has previously stated, "the Federal Circuit has held that it is an error not to also consider 'the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval.'" *WAG Acquisition*, 2022 WL 9569437, at *4 (quoting *In re Google*, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021)). Because both the sources of proof and its custodians are primarily located in NDCA, this factor weighs strongly in favor of transfer.

2. Availability of Compulsory Process to Secure Attendance

This factor focuses on "non-party witnesses whose attendance may need to be secured by a court order." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-CV-00372-ADA, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 13, 2019) (citing *Volkswagen II*, 545 F.3d at 316). "When there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). A court may subpoena a witness to attend trial only (1) "within 100 miles of where the person resides, is employed, or regularly transacts business in person" or (2) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii).

Apple argues that this factor also weighs in favor of transfer and alleges that at least six potentially relevant third-party witnesses are subject to compulsory process in NDCA. (Mot.

7

Transfer, Dkt. 24, at 22). These potential witnesses include three companies that may have relevant prior art, two former Apple engineers who helped develop the Back Tap feature, and one former Haptic employee who worked on Knocki.[3] (*Id.*). Haptic contends that this factor weighs against transfer as there are multiple potential non-party witnesses who reside in Austin, including Haptic's former CTO, former signal processing engineer, former administrator, former designer, another former engineer, and Techstars Austin mentor. (Resp., Dkt. 31, at 18). Haptic also contends that a former Apple service manager, a former Haptic software engineer, and a former Haptic design engineer, who all attended the 2016 meeting, currently live in Houston and are therefore also subject to WDTX's compulsory process. (*Id.*). Ohan Nezer, who is one of the named inventors of the '738 Patent and the former founder and president of Haptic, is also in Houston. (*Id.* at 3).

Apple accuses Haptic of failing to show the Court why any of its potential non-party witnesses would be relevant or non-duplicative of other key witnesses. (Reply, Dkt. 34, at 9). And Haptic accuses Apple of failing to tell the Court "anything about whether these [third-party] companies actually have any system(s) that is relevant to any limitation of the asserted claims, let alone whether that evidence is in any of these global companies' California offices." (Resp., Dkt. 31, at 19). "Requiring a defendant to show that the potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary." *In re Genentech, Inc.,* 566 F.3d at 1343 (citing *Volkswagen II,* 545 F.3d at 317 n.12). The Court finds that Apple has met this bar by explaining why the non-party companies may have relevant prior art to tapping or knocking technology. (*See* Exhibit H, Dkt. 22-7 (explaining that Bump Technologies, now owned by Google, created an app that transfers data from one iPhone to another "simply by bumping each other"); Mot. Transfer, Dkt. 24, at 22 (explaining that TDK

---

[3] Haptic asserts that this individual, Kunal Naik, was never an employee nor have they ever employed a person with that name. (Resp., Dkt. 31, at 8).

InvenSense and Bosch have implemented "tap detection" features in their products)). The Court finds that Apple has sufficiently identified at least seven potential non-party witnesses subject to NDCA's compulsory process—the three companies with prior art, the two former Apple engineers who worked on Back Tap features, and Michael Kokkinen and Matt Kirkland, the former Apple employees who communicated with Haptic via email about selling Knocki in Apple Stores. (Reply, Dkt. 34, at 9).

The Court also finds that Haptic has identified ten potential non-party witnesses that are subject to WDTX's compulsory process. However, Haptic has not adequately alleged that two of its non-party witnesses will be relevant to a patent infringement trial in which it is the plaintiff—its former administrator and Techstars Austin mentor. Haptic does not allege that its former administrator or its Techstars Austin mentor helped to design Knocki or secure the asserted patent. Nor did they attend the 2016 meeting. (*See* Resp., Dkt. 31, at 18). Accordingly, the Court finds that Haptic has identified eight potential non-party witnesses. Given that both parties have identified a similar number of potential non-party witnesses subject to compulsory process in either NDCA or WDTX, this factor is neutral.

### 3. Cost of Attendance

The cost of attendance focuses on willing witnesses, and the factor considers both party and non-party witnesses. *Vargas v. Seamar Divers Int'l, LLC*, No. 2:10-CV-178-TJW, 2011 WL 1980001, at *7 (E.D. Tex. May 20, 2011) (citing *Volkswagen I*, 371 F.3d at 204). This factor is often considered the most important factor to be considered in deciding whether to transfer venue. *Moss v. Lockheed Martin Corp.*, No. 3:10-CV-1659-M, 2011 WL 197624, at *5 (N.D. Tex. Jan. 18, 2011) (citing *AT&T Intellectual Prop. I L.P. v. Airbiquity Inc.*, No. 3:08–CV–1637–M, 2009 WL 774350, at *5 (N.D. Tex. Mar. 24, 2009)). The Fifth Circuit employs a "100-mile rule" which states that when "the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than

9

100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05. The Federal Circuit has stated that courts should not apply the rule rigidly if they will have to travel a significant distance regardless of the venues at stake. *In re Apple*, 979 F.3d at 1342.

Apple argues that this factor weighs strongly in favor of transfer to NDCA. In its motion, as well as in its attached employee declarations, Apple alleges that the engineers who researched, designed, developed, and implemented the Back Tap feature are concentrated in NDCA, with some also located in Washington and Canada. (Mot. Transfer, Dkt. 24, at 15). "None of the relevant engineers are located in WDTX." (*Id.*; Maudgalya Decl., Dkt. 24-8, ¶¶ 3,4). Similarly, Apple employees with knowledge about licensing, finance, marketing, and potential prior art related to the Back Tap feature are in NDCA, other districts in California, or Colorado. (Mot. Transfer, Dkt. 24, at 16; Veron Decl., Dkt. 24-6, ¶ 3; Harlow Decl., Dkt 24-5, ¶ 4; Spevak Decl., Dkt. 24-3, ¶ 3). Apple concedes that one of its employees who attended the 2016 meeting, Adam Norwood, lives in Austin. However, Apple argues that Norwood is not a relevant witness because he "had no role in the design or development of Apple's Back Tap feature," has no "knowledge about the design or development of the Back Tap feature," and never "discussed incorporating any features of the Knocki product, or related technology, with anyone at Apple," (Norwood Decl., Dkt. 24-2, ¶ 7). (Mot. Transfer, Dkt. 24, at 17).

On the other hand, Haptic argues that the witness convenience factor disfavors transfer. Haptic states that it intends to call at trial its Austin-based CEO, Jake Boshernitzan, who is the lead inventor of the '738 Patent. (Resp., Dkt. 31, at 12). Haptic also states that one of its Austin-based contract engineers may be a potential witness, along with Nezer, Haptic's former president and the the '738 Patent's co-inventor. (*Id.* at 13). As mentioned above, Nezer lives in Houston. Haptic disagrees with Apple's classification of Norwood as an irrelevant witness and emphasizes that he is

10

in Austin along with other "Texas-based Apple employees" who attended the 2016 meeting. (*Id.* at 14). Finally, Haptic argues that Austin is a convenient venue for Apple's employee witnesses because of Apple's Austin Campus, which is the home office for around 5,000 Apple employees. (*Id.* at 15).

The Court finds that this factor weighs heavily toward transfer. As patent cases usually focus on the activities of the alleged infringer, Apple's contention that none of its relevant employees[4] are in WDTX and that most of them are located in California is especially weighty. It is true that Apple has thousands of employees in Texas, but the record indicates that none of Apple's Texas employees "had any involvement in the research, design, or development of the accused technology." *See In re Apple Inc.,* No. 2022-137, 2022 WL 1676400, at *2 (Fed. Cir. May 26, 2022). Even if some of the Texas-based Apple employees who attended the 2016 meeting are relevant to Haptic's willful infringement claim, the majority of the Apple employees who developed and work with the allegedly infringing technology are in California, and none of them are in Texas.

### 4. Other Problems

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. Apple states that this factor is neutral, (Mot. Transfer, Dkt. 24, at 23), while Haptic argues that this factor disfavors transfer, (Resp., Dkt. 31, at 20). According to Haptic, trying a case in NDCA is more expensive than it is in WDTX because of the higher costs of hotels, flights, meals, parking, vendors, and other incidentals. (*Id.*). Haptic does not provide the Court with any case law to support the consideration of such expenses under this factor. Previously, this Court has considered delays in requesting transfer or related litigation in the transferee or transferor court when analyzing this

---

[4] Even if Norwood is a relevant witness, he is only one witness compared to the teams of Apple employees located in or relatively close to NDCA. Further, the other Apple employees who attended the meeting now live in Sacramento, Denver, and Arizona. Two other attendees no longer work for Apple. (Mot. Transfer, Dkt. 24, at 9–10).

11

factor. *See, e.g., Umbra Techs. Ltd. v. VMware, Inc.*, No. 1:23-CV-904-DII, 2024 WL 1123592, at *5 (W.D. Tex. Mar. 13, 2024). This case is in its early stages, and neither party has alleged that there is related pending litigation that would affect the ease or expense of trying this case in one court or another. Overall, this factor is neutral, as there are no material problems weighing for or against transfer.

## C. Public Interest Factors

The public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict-of-law problems involving the application of foreign law.

### 1. Administrative Difficulties Flowing from Court Congestion

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020). The relevant inquiry under this factor is the "speed with which a case can come to trial and be resolved." *In re Genentech*, 566 F.3d at 1347; *In re Apple*, 979 F.3d at 1343 (citations omitted). This factor is "the most speculative" and is given little weight compared to the other transfer factors. *XR Commc'ns*, 2022 WL 3702271, at *9 (citing *In re Genentech*, 566 F.3d at 1347). The Federal Circuit recently "noted that 'the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics.'" *In re Apple Inc.,* No. 2021-181, 2021 WL 5291804, at *4 (Fed. Cir. Nov. 15, 2021) (quoting *In re Juniper Networks*, 14 F.4th at 1322). Apple claims that this factor, however, weighs slightly in favor of transfer as "the pending assignment of this case to 'Judge Docket II – Austin' suggests some current congestion in this Court." (Mot. Transfer, Dkt. 24, at 24). Indeed, the undersigned has a particularly busy civil caseload, with over 900 pending civil cases. Haptic argues that this factor weighs against transfer because "this Court has already resolved

various preliminary issues such as motions for pro hac vice and extensions of time to answer the complaint, as well as considered Apple's Rule 12(b)(6) motion. (Resp., Dkt. 31, at 20). This Court has yet to resolve Apple's pending motion to dismiss or enter a scheduling order in this case. Overall, this factor is neutral or weighs slightly in favor of transfer at best.

### 2. Local Interest

Under this factor, courts evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 315. The factor focuses on the "significant connections between a particular venue and the events that gave rise to a suit." *In re Google*, 2021 WL 4427899, at *5 (internal citations omitted). While Apple has offices in Austin, its headquarters are in NDCA. (Mot. Transfer, Dkt. 24, at 24). Further, and most significantly, "Apple's research, design, and development of the accused technology primarily takes place and is ultimately managed [in NDCA]." (*Id.*). Thus, there is a connection between NDCA and the events that gave rise to this suit—Apple's development and implementation of the Back Tap features.

Haptic argues that the local interest factor strongly disfavors transfer because Haptic's offices are and have been in Austin for several years. (Resp., Dkt. 31, at 21). Knocki is developed, assembled, and shipped in Austin. (*Id.*). Haptic also points to its partnership with the University of Texas at Austin through the Texas Venture Labs program and Haptic's lack of connection to California. (*Id.* at 22).

The Court finds that this factor weighs in favor of transfer. The Federal Circuit has held that with respect to the local interest factor, "a party's 'general presence in a particular district' does not alone 'give that district a special interest in the case.'" *See In re Apple*, 2022 WL 1196768, at *3; *USTA*, 2023 WL 4833481, at *6 (same). Although both Apple and Haptic can be said to have a general presence in WDTX, the focus must be on a particular venue and the events that gave rise to a suit. *See In re Google*, 2021 WL 4427899, at *5. It was not Haptic's creation of Knocki that gave rise

to this suit but rather Apple's creation of an allegedly infringing product, which largely took place in NDCA and not in WDTX. Even the 2016 meeting, which Haptic believes to be very significant, took place outside of WDTX. Overall, this factor weighs heavily in favor of transfer.

### 3. Familiarity with the Law and Conflict of Laws

Both parties agree that this factor is neutral. Haptic alleges violations only of federal patent law, and there are no issues involving conflict of laws. The factor weighs in neither direction.

## V. CONCLUSION

For the reasons discussed above, the factors clearly weigh in favor of transfer. Three factors—the ease of access to proof, cost of attendance, and local interests—all weigh strongly in favor of transfer. Five factors—availability of compulsory process, court congestion, familiarity of law, conflict of law, and miscellaneous problems—are neutral. None weigh in favor of keeping venue in the Western District of Texas.

For the reasons given above, **IT IS ORDERED** that Apple's Motion to Transfer Venue, (Dkt. 24), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Northern District of California.

**SIGNED** on April 15, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE